1    GREGG ZUCKER (Bar No. 166692)
       gregg@foundationllp.com
2    FOUNDATION LAW GROUP, LLP
       2049 Century Park East, Suite 2460
3    Los Angeles, CA 90067
       Tel: 310.979.7561
4

5    DAVID B. ABEL (Bar No. 156744)
       Davidabel@abelpatentlaw.com
       LAW OFFICE OF DAVID B. ABEL
6    111 N. Sepulveda, Suite 250
       Manhattan Beach, CA 90266
7    Tel: 310-9371590

8

9    Attorneys for Plaintiff Lexxiom, Inc.

10           UNITED STATES DISTRICT COURT

11           CENTRAL DISTRICT OF CALIFORNIA

12                SOUTHERN DIVISION

13

14

15

| | |
|---|---|
| 16   LEXXIOM, INC., a Nevada corporation, | CASE NO.  CV-16-2179 |
| 17           Plaintiff, | **COMPLAINT FOR:** |
| 18       v. | **1.  COPYRIGHT INFRINGEMENT;** |
| 19   CONVERZE INTERACTIVE, INC., a | **2.  CONVERSION/THEFT;** <br> **3.  INTERFERENCE WITH** <br> **PROSPECTIVE BUSINESS** |
| 20   California Company; LIDO LABS, LLC, a California Limited Liability | **ADVANTAGES AND CUSTOMER** <br> **RELATIONSHIPS; AND** |
| 21   Company, CONVERZE MEDIA GROUP, LLC a California Limited | **4.  CIVIL LIABILITY UNDER CAL.** <br> **PENAL CODE §496(a) FOR** |
| 22   Liability Company; Chris Picou, an individual; John Hernandez, an | **RECEIVING STOLEN PROPERTY** |
| 23   individual and Kenneth Parkerson, an individual and Does 1-5. | **JURY TRIAL DEMAND** |
| 24         Defendants. | |
| 25 | |
| 26 | |

27

28

-1-

Lexxiom, Inc. ("LEXXIOM"), for its Complaint against LIDO LABS, LLC, ("LIDO"), Chris Picou ("PICOU"), John Hernandez ("HERNANDEZ") and Kenneth Parkerson ("PARKERSON") (the "LIDO Defendants");  CONVERZE MEDIA GROUP, LLC; and CONVERZE INTERACTIVE, INC. (collectively "CONVERZE") and DOES 1-5, alleges as follows:

## <u>JURISDICTION AND VENUE</u>

1.     This Court has subject matter jurisdiction pursuant to 17 U.S.C. § 501, et. seq. (copyright infringement) and 28 U.S.C. §§ 1331 (federal question jurisdiction), 1338(a) and 1338(b), and supplemental jurisdiction over the Second, Third and Fourth Claims for Relief pursuant to 28 U.S.C. § 1367(a).

2.     The LIDO Defendants are subject to personal jurisdiction in this Court based on continuous and systematic contacts within this judicial district including in connection with the issues in the First through Fourth Claims for Relief, LIDO's status as a limited liability incorporation in the State of California, and PICOU, HERNANDEZ and PARKERSON's employment by LIDO in California. The CONVERZE defendants are subject to personal jurisdiction in this Court based on continuous and systematic contacts within this judicial district including in connection with the issues in the First through Fourth Claims for Relief, their status as limited liability companies in the State of California and their past employment of PICOU, HERNANDEZ and PARKERSON in California.

3.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), (c) because a substantial amount of the events and injury occurred in this judicial district and the defendants are all residents of this judicial district.

## <u>PARTIES</u>

4.     Plaintiff LEXXIOM is a Nevada corporation engaged in the business of developing and licensing computer software and back office support for businesses, with its place of business at: 7945 Cartilla Ave #A, Rancho Cucamonga, CA 91730-3069.

5.      On information and belief, LIDO is a California limited liability corporation with a principal place of business at 103 Palm St., Newport Beach, CA 92661.  On information and belief, CONVERZE MEDIA GROUP, LLC is a California limited liability corporation with a principal place of business at 575 Anton Blvd., #750, Costa Mesa, CA 92626.  On information and belief, CONVERZE INTERACTIVE, INC. is or was a California corporation with a principal place of business at 575 Anton Boulevard Suite 750 Costa Mesa, CA 92626 that was in the past partially or wholly owned by or affiliated with CONVERZE MEDIA GROUP, LLC, and, on information and belief, at some point became LIDO.  On information and belief, PICOU, HERNANDEZ and PARKERSON are all individuals residing in California and they are all employed by LIDO, thus each having a having a business address at 103 Palm St., Newport Beach, CA 92661.  On information and belief, PICOU, HERNANDEZ and PARKERSON were previously all employed by CONVERZE at the 103 Palm St., Newport Beach, CA 92661 address. LEXXIOM is without sufficient information to identify the names and address of the defendants identified as DOES 1-5 at the present time.

6.      On information and belief, PICOU, HERNANDEZ and PARKERSON are agents, managing officers and/or directors and/or employees of LIDO whereby LIDO is liable for the actions of PICOU, HERNANDEZ and PARKERSON addressed herein.

7.      On information and belief, at least one of PICOU, HERNANDEZ and PARKERSON is/are co-owners, managing officers and/or directors of LIDO and at all times relevant have exercised control over the activities of LIDO, including the conversion/theft and infringement of the LEXXIOM software at issue in this action. On information and belief, PICOU, HERNANDEZ and PARKERSON are the alter egos of LIDO, controlling the operations thereof and directing the infringement of the software copyrights and as such each of them are liable for the actions of LIDO.

COMPLAINT

**GENERAL ALLEGATIONS**

8.     LEXXIOM, incorporated in Nevada, is an administrative service company that supplies back office support to many professionals around the country. Since its inception, LEXXIOM has engaged in a number of business activities including providing services to the legal industry, financial services, payment systems mortgage services and technology services to various industries.

9.     From about 2009 to February 22, 2013, LEXXIOM employed PICOU as a consultant with the title "SmartDebtor Director."

10.     From about 2007 to July 2013, LEXXIOM employed HERNANDEZ as an IT specialist and senior software programmer.

11.     From about April 2008 to December 2011, LEXXIOM employed PARKERSONS as an "outbound team associate" and "client intake manager."

12.     Each of PICOU, HERNANDEZ and PARKERSON signed employee confidentiality agreements with LEXXIOM.  HERNANDEZ also signed a software development agreement with LEXXIOM.

13.     In 2010, LEXXIOM's executives joined with PICOU to start a company to go into the lead generation business that involved marketing to consumers over the internet by sending e-mail advertisements. On September 27, 2010 a company called Identifyle was formed as a Nevada Corporation by Bob Lemelin, Brian Lemelin, Leo Lemelin ("the Lemelins") and PICOU for this purpose.  The Lemelins and LEXXIOM contributed money and the resources of LEXXIOM to launch Identifyle and support its initial growth. Bob Lemelin, Brian Lemelin, Leo Lemelin and PICOU were all directors and shareholders of Identifyle.  From 2010 to 2012, LEXXIOM invested approximately one million dollars in cash in the form of intercompany loans to Identifyle, and LEXXIOM provided additional resources including custom software, phones, computers, office space, IT development staff and programmers, and accounting support to Identifyle.

COMPLAINT

14.     Starting in 2010, LEXXIOM's software engineers including HERNANDEZ began writing and developing a software program that became known as "Campayne Manager".  The development of Campayne Manager as a software program involved at various times 3 or 4 programmers working over a three year period.  The total programming development costs for the Campayne Manager software exceeded $1,300,000.  The Campayne Manager software program was developed by and is owned by LEXXIOM.

15.     LEXXIOM's Campayne Manager is a set of software programs, also known as "modules," that provide contract management and reporting services for buyers and sellers of internet marketing services.  The Campayne Manager software also manages the accounting aspects and terms of various contracts.  The Campayne Manager software included website(s) that allow interactions as between consumers and the internet marketing services.

16.     In March of 2011, LEXXIOM and Identifyle introduced products and services using the Campayne Manager software, and they started generating revenue in 2011.

17.     By the end of 2012, LEXXIOM and Identifyle had about one hundred fifty (150) contracts with both buyers and sellers of internet marketing services.

18.     Within LEXXIOM, PICOU was the SmartDebtor Director.  PICOU was also the "Chief Marketing Officer" of Identifyle.   In these positions, PICOU was responsible for the sales and contractual relationships as between LEXXIOM and Identifyle and the respective buyers and sellers of internet marketing services that utilized the Campayne Manager software.

19.     While employed by LEXXIOM up until December of 2011, PARKERSON was familiar with LEXXIOM's customers including Identifyle's customers as he was a client intake manager.

20.     While employed by LEXXIOM up until July 0f 2013, HERNANDEZ was in the Information Technology (IT) department and he had access to and the

-5-

1  ability to copy the entirety of the Campayne Manager software, including the source

2  code and object code for the programs and the websites.

3       21.   LEXXIOM has applied for and received United States copyright

4  registrations for the 2011, 2012 and 2013 release versions of its Campayne Manager

5  software, titled "CampayneMgr" in the registration documents.   The copyright

6  registration numbers are TX0008271719; TX0008271706 and TX0008271654.

7       22.   While employed by LEXXIOM, each of PICOU, HERNANDEZ and

8  PARKERSON had access to the Campayne Manager software and PICOU and

9  PARKERSON had access to the files and contracts as between LEXXIOM and/or

10 Identifyle and the respective buyers and sellers of internet marketing services with

11 whom they had contracts. The contracts with, and identities of, the respective buyers

12 and sellers of internet marketing services was not publicized or public knowledge.

13 The employees of LEXXIOM, who had access to the Identifyle customers and

14 contracts supported by LEXXIOM, were required to sign employee confidentiality

15 agreements.  Accordingly, the terms and conditions of LEXXIOM's and Identifyle's

16 contracts with as well as the respective identities and contact information concerning

17 the respective buyers and sellers of internet marketing services constitute protected

18 trade secrets.

19      23.   In 2013, over the course of less than three months, PARKERSON then

20 PICOU then HERNANDEZ each resigned from LEXXIOM, and each of them then

21 went to work for CONVERZE.  In addition, PICOU resigned from Identifyle and

22 PICOU conveyed his shares in Identifyle back to the company by an agreement

23 having an effective date of June 1, 2013. Unbeknown to LEXXIOM at the time, on

24 information and belief, PARKERSON, PICOU and/or HERNANDEZ took the

25 Campayne Manager software developed and owned by LEXXIOM, and delivered it

26 to CONVERZE.

27      24.   Utilizing the LEXXIOM's Campayne Manager software, and

28 LEXXIOM and Identifyle's trade secret information, LEXXIOM alleges on

COMPLAINT

1 | information and belief that CONVERZE, with the active participation of
2 | PARKERSON, PICOU and/or HERNANDEZ, developed a competing product line
3 | to the offerings of LEXXIOM and Identifyle with respect to the respective buyers
4 | and sellers of internet marketing services, and systematically siphoned off
5 | Identifyle's customers (the buyers and sellers of internet marketing services),
6 | servicing those contracts with the misappropriated Campayne Manager software or a
7 | derivative thereof.

8 |         25.    On information and belief, LEXXIOM alleges that CONVERZE knew
9 | that the Campayne Manager software had been misappropriated / stolen from
10 | LEXXIOM by virtue of its employment of PARKERSON, PICOU and/or
11 | HERNANDEZ in management positions.

12 |         26.    On information and belief, LEXXIOM alleges that about one year ago,
13 | PARKERSON, PICOU and/or HERNANDEZ's after having taken control of
14 | CONVERZE INTERACTIVE, and reformed or renamed the company to become
15 | Defendant LIDO bringing with them their knowledge of the identities of the
16 | respective buyers and sellers of internet marketing services originally taken from
17 | Identifyle as well as the Campayne Manager software developed and owned by
18 | LEXXIOM.

19 |         27.    On information and belief, LEXXIOM alleges that at least for the time
20 | period during which PARKERSON, PICOU and HERNANDEZ were employed by
21 | CONVERZE MEDIA GROUP, LLC, and subsequently CONVERZE
22 | INTERACTIVE, the CONVERZE Defendants were infringing the copyrights
23 | embodied in the Campayne Manager software and utilizing the misappropriated trade
24 | secrets to interfere with the prospective business advantages that LEXXIOM and
25 | Identifyle should have enjoyed.

26 |         28.    On information and belief, LEXXIOM alleges that at least for the time
27 | period during which PARKERSON, PICOU and HERNANDEZ started LIDO, LIDO
28 |

COMPLAINT

1  has been infringing the copyrights embodied in the Campayne Manager software and

2  utilizing the misappropriated trade secrets of LEXXIOM and Identifyle.

3         29.    On information and belief, LEXXIOM alleges that LIDO has always

4  known that the Campayne Manager software had been misappropriated from

5  LEXXIOM by virtue of its being founded by PARKERSON, PICOU and/or

6  HERNANDEZ, and the employment of PARKERSON, PICOU and/or

7  HERNANDEZ in management positions.

8         30.    After PICOU resigned from Identifyle and left LEXXIOM,

9  LEXXIOM's ability to support the continuing operation of Identifyle was severely

10  hampered and Identifyle's ability to continue operations was negatively impacted by

11  the loss of customers that it had developed.  Identifyle became unable to viably

12  continue operations by September of 2013.  In winding up its affairs, Identifyle

13  assigned any and all of its claims, accounts, causes of action and receivables to

14  LEXXIOM as consideration for LEXXIOM's agreement to forego seeking to collect

15  on the outstanding debts owed to LEXXIOM by Identifyle for a period of one year.

16  As a result, all claims that Identifyle had or has have been assigned to LEXXIOM,

17  and they are herein asserted by LEXXIOM.

18         31.    LEXXIOM did not learn of the infringement/misappropriation of the

19  Campayne Manager software, and had no reason to learn of the infringement/

20  misappropriation, prior to the last half of 2015, when LEXXIOM first started to

21  become aware that CONVERZE and LIDO had used the Campayne Manager

22  software to provide services previously offered by LEXXIOM and Identifyle.

23  **<u>FIRST CLAIM FOR RELIEF</u>**

24  **(For Copyright Infringement Under 17 U.S.C. § 101, *Et Seq.*)**

25         32.    LEXXIOM realleges and incorporates by reference the allegations set

26  forth in paragraphs 1 through 31 herein as if fully set forth.  This claim is against

27  PICOU, HERNANDEZ, PARKERSON, CONVERZE INTERACTIVE,

28  CONVERZE MEDIA and LIDO.

33.     LEXXIOM owns all right, title and interest in the copyrights to Campayne Manager Software, as evidenced by the United States Copyright Office's Certificates of Registration numbers TX0008271719; TX0008271706 and TX0008271654.

34.     LEXXIOM is informed and believes that each of CONVERZE INTERACTIVE, CONVERZE MEDIA and LIDO, and their respective past or present employees PICOU, HERNANDEZ and PARKERSON, have misappropriate and have used in an infringing manner the Campayne Manager Software, infringing each of the copyrighted programs registered as TX0008271719; TX0008271706 and TX0008271654, without the authorization of LEXXIOM.

35.     LEXXIOM further asserts that as its former employees, PICOU, HERNANDEZ and PARKERSON were contractually precluded from taking, modifying, disassembling, decompiling, reverse engineering, translating or converting the Campayne Manager Software.

36.     On information and belief, one or both of the CONVERZE Defendants and subsequently LIDO have employed PICOU, HERNANDEZ and PARKERSON in management positions and thus CONVERZE INTERACTIVE, CONVERZE MEDIA and subsequently LIDO knew of the contractual prohibitions precluding PICOU, HERNANDEZ and PARKERSON from taking, modifying, disassembling, decompiling, reverse engineering, translating or converting the Campayne Manager Software, and thus CONVERZE INTERACTIVE, CONVERZE MEDIA and LIDO have willfully infringed the copyrights in the Campayne Manager software.

37.     On information and belief, LEXXIOM further asserts that CONVERZE INTERACTIVE, CONVERZE MEDIA and LIDO have derived substantial economic benefit from the ability to provide services to clients using the Campayne Manager Software.

38.     By the actions alleged above, CONVERZE INTERACTIVE, CONVERZE MEDIA and LIDO have infringed, PICOU, HERNANDEZ and

-9-

COMPLAINT

1   PARKERSON have caused and directed the infringement, and CONVERZE
2   INTERACTIVE, CONVERZE MEDIA and/or LIDO may continue to infringe
3   LEXXIOM's copyrights in the Campayne Manager Software.  In addition, all of the
4   defendants referenced in this paragraph have created and/or caused the creation of
5   unauthorized derivative works in violation of the rights protected by the LEXXIOM
6   Copyright rights and registrations.

7       39.   CONVERZE INTERACTIVE's, CONVERZE MEDIA's and LIDO's
8   utilization, modification, disassembly, decompiling, reverse engineering, translation
9   and/or conversion of LEXXIOM's copyrighted Campayne Manager Software and the
10  services provided by the Campayne Manager Software, at the direction of PICOU,
11  HERNANDEZ  and PARKERSON, with knowledge that such utilization was
12  unauthorized and unlicensed, constitutes willful copyright infringement.

13      40.   LEXXIOM has suffered substantial actual damages as a result of the
14  respective Defendants unauthorized and illegal use of LEXXIOM's copyrighted
15  materials.

16      41.   As a result of Defendants' wrongful actions, LEXXIOM is entitled to
17  damages in an amount to be proven at trial but on information and belief alleged to
18  be in excess of $1,300,000 plus interest.

19      42.   Further, on information and belief, statutory damages are available in an
20  amount up to $150,000 for each infringement of each of the copyright registrations
21  by each Defendant.

22      43.   On information and belief, LEXXIOM alleges that Defendants'
23  unlawful conduct will continue to damage LEXXIOM unless Defendants are
24  preliminarily and permanently enjoined by this Court, and LEXXIOM has no
25  adequate remedy at law.

26

27

28

-10-

## SECOND CLAIM FOR RELIEF

### (Conversion/Misappropriation/Theft)

44.    LEXXIOM realleges and incorporates by reference the allegations set forth in paragraphs 1 through 31 and 33 through 43 herein as if fully set forth.  This claim is against PICOU, HERNANDEZ and PARKERSON.

45.    LEXXIOM entered into valid contracts with PICOU, HERNANDEZ and PARKERSON when it executed the employee agreements signed by PICOU, HERNANDEZ and PARKERSON.  Each of the agreements obligated the employees to protect LEXXIOM's trade secrets and assigned any copyrights generated by the employees to LEXXIOM.  LEXXIOM has performed all of its obligations required under the employee agreements, except to the extent that such performance was waived, or made impossible, by PICOU, HERNANDEZ and PARKERSON or excused by PICOU's, HERNANDEZ's and PARKERSON' conduct.

46.    PICOU, HERNANDEZ and PARKERSON unjustifiably failed to perform their obligations under the employee agreements by, among other things, infringing/misappropriating the Campayne Manager Software and trade secret information concerning LEXXIOM's clients and business practices and delivering the Campayne Manager Software first to CONVERZE and then to LIDO.

47.    As a direct and proximate result of PICOU, HERNANDEZ and PARKERSON's actions, LEXXIOM has suffered damages in an amount to be proven at trial but believed to be in excess of $1,300,000 plus interest and attorneys' fees.  LEXXIOM further alleges that PICOU, HERNANDEZ and PARKERSON' unlawful conduct will continue to damage LEXXIOM unless preliminarily and permanently enjoined by this Court, and LEXXIOM has no adequate remedy at law.

48.    On information and belief, PICOU, HERNANDEZ and PARKERSON have been unjustly enriched by the infringement / conversion  of the Campayne Manager Software, and any and all sales or usage thereof for financial gain relating to their respective compensations, and that such unjust enrichment is a direct result of

-11-

1  the infringement / conversion  of the LEXXIOM intellectual property whereby

2  LEXXIOM is entitled to disgorgement of any and all such financial gain as well as

3  the assignment of all rights in and to all derivative works of the Campayne Manager

4  Software, as well as a preliminary and a permanent injunction against any and all

5  future use of the Campayne Manager Software.

6                        **THIRD CLAIM FOR RELIEF**

7      **(For Intentional Interference With Prospective Business Advantage /**

8                        **Contractual Relationships)**

9          49.     LEXXIOM realleges and incorporates by reference the allegations set

10  forth in paragraphs 1 through 31, 33 through 43 and 45 through 48 herein as if fully

11  set forth.  This claim is against the CONVERZE Defendants.

12         50.     On information and belief, LEXXIOM alleges that PICOU,

13  HERNANDEZ and PARKERSON as agents of the CONVERZE Defendants, were

14  aware of the Contractual Agreements as between LEXXIOM and its customers

15  concerning the provision of services using the Campayne Manager Software as a

16  result of their employment by LEXXIOM, and that CONVERZE had hired PICOU,

17  HERNANDEZ and/or PARKERSON to build a business to compete with

18  LEXXIOM utilizing their knowledge of LEXXIOM's customers concerning the

19  provision of services using the Campayne Manager Software.

20         51.     On information and belief, LEXXIOM alleges that PICOU,

21  HERNANDEZ and PARKERSON had access to the identities of LEXXIOM's

22  customers for internet marketing services, and they were each aware that the

23  information concerning those contractual relationships were trade secrets of

24  LEXXIOM.

25         52.     On information and belief, LEXXIOM alleges that the CONVERZE

26  Defendants, by and through their agents and employees PICOU, HERNANDEZ and

27  PARKERSON , with knowledge of the Contractual Agreements as between

28  LEXXIOM and its customers,  interfered with the contractual relationships by

1   unlawfully converting LEXXIOM's Campayne Manager software for use by the

2   CONVERZE Defendants and then offering LEXXIOM's clients the same products

3   and services previously provided by LEXXIOM, even using the LEXXIOM

4   Campayne Manager Software, in order to interfere with the prospective business of

5   LEXXIOM and LEXXIOM's Contractual Agreements and convert those customers

6   to CONVERZE customers.

7          53.   On information and belief, LEXXIOM alleges that that the CONVERZE

8   Defendants, by and through their agents and employees PICOU, HERNANDEZ and

9   PARKERSON, with knowledge of the Contractual Agreements as between

10  LEXXIOM and its customers, intentionally interfered with the relationships as

11  between LEXXIOM and its customers.  As a result, the CONVERZE Defendants, by

12  and through their agents and employees PICOU, HERNANDEZ and PARKERSON,

13  deprived LEXXIOM of the income it reasonably would have continued to generate

14  through the Contractual Agreements and relationships built up between LEXXIOM

15  and its customers, facilitated through the Campayne Manager software that PICOU,

16  HERNANDEZ and PARKERSON misappropriated.

17         54.   On information and belief, as a direct and proximate result of the actions

18  of the CONVERZE Defendants, by and through their agents and employees PICOU,

19  HERNANDEZ and PARKERSON, LEXXIOM has suffered damages in an amount

20  to be proven at trial but believed to be in excess of the present value of an income

21  stream in excess of $2,000,000 per year and future periods of time.

22         55.   LEXXIOM alleges that the CONVERZE Defendants unlawful conduct

23  will continue to damage LEXXIOM unless preliminarily and permanently enjoined

24  by this Court, and LEXXIOM has no adequate remedy at law.

### FOURTH CLAIM FOR RELIEF

### (Civil Liability under Cal. Penal Code §496(a) for receiving stolen property)

27         56.   LEXXIOM realleges and incorporates by reference the allegations set

28  forth in paragraphs 1 through 31, 33 through 43, 45 through 48 and 50 through 55

COMPLAINT

1  herein as if fully set forth.  This claim is against the CONVERZE Defendants, LIDO,
2  PICOU, HERNANDEZ and PARKERSON and DOES 1-5.

3       57.   As set forth above, PICOU, HERNANDEZ and/or PARKERSON
4  infringed the Campayne Manager Software, converting / misappropriating / stealing
5  it, and delivering the Campayne Manager Software to CONVERZE INTERACTIVE,
6  CONVERZE MEDIA and LIDO and DOES 1-5.

7       58.   Under California law, Penal Code Section 499c: "(b) Every person is
8  guilty of theft who, with intent to deprive or withhold the control of a trade secret
9  from its owner, or with an intent to appropriate a trade secret to his or her own use or
10 to the use of another, does any of the following:

11      (1) Steals, takes, carries away, or uses without authorization, a
12      trade secret.

13      (2) Fraudulently appropriates any article representing a trade
14      secret entrusted to him or her.

15      (3) Having unlawfully obtained access to the article, without
16      authority makes or causes to be made a copy of any article
17      representing a trade secret.

18      (4) Having obtained access to the article through a relationship
19      of trust and confidence, without authority and in breach of the
20      obligations created by that relationship, makes or causes to be made,
21      directly from and in the presence of the article, a copy of any
22      article representing a trade secret."

23      59.   California Penal Code Section 496(a) provides in pertinent part: "Every
24 person who buys or receives any property that has been stolen or that has been
25 obtained in any manner constituting theft or extortion, knowing the property to be so
26 stolen or obtained, or who conceals, sells, withholds, or aids in concealing, selling, or
27 withholding any property from the owner, knowing the property to be so stolen or

28

-14-

1  obtained, shall be punished by imprisonment in a county jail for not more than one

2  year, or imprisonment pursuant to subdivision (h) of Section 1170."

3      60.    California Penal Code Section 496(c) provides that any person "who has

4  been injured by a violation of [section 496(a) ] ... may bring an action for three times

5  the amount of actual damages, if any, sustained by the plaintiff, costs of suit, and

6  reasonable attorney's fees."

7      61.    On information and belief, CONVERZE INTERACTIVE, CONVERZE

8  MEDIA, LIDO and DOES 1-5 received property rightfully belonging to LEXXIOM

9  that was misappropriated by one or all of PICOU, HERNANDEZ and/or

10  PARKERSON.

11      62.    On information and belief, CONVERZE INTERACTIVE, CONVERZE

12  MEDIA and LIDO and DOES 1-5 have derived substantial economic benefit from

13  the possession and use of the stolen property, including the Campayne Manager

14  software and the LEXXIOM/Identifyle customer trade secret information.

15      63.    LEXXIOM expended in excess of $1,300,000 developing the software

16  embodied by the Campayne Manager software program.

17      64.    LEXXIOM and Identifyle generated revenues exceeding $6,000,000

18  from 2011 to 2013 for the active use of the Campayne Manager software program.

19      65.    Pursuant to Cal. Penal Code Section 496(c) LEXXIOM is entitled to

20  three times its actual damages of $1,300,000 for the development of the Campayne

21  Manager software as well as its actual damages in the form of lost income estimated

22  based upon the revenues preceding the theft, an amount which should be trebled, as

23  well as attorneys' fees, as against CONVERZE.

24      66.    Pursuant to Cal. Penal Code Section 496(c) LEXXIOM is entitled to at

25  least three times its actual damages of $1,300,000 for the development of the

26  Campayne Manager software, as well as attorneys' fees, as against LIDO and DOES

27  1-5.

28

-15-

### PRAYER FOR RELIEF

WHEREFORE, LEXXIOM prays for judgment as follows:

### ON THE FIRST CLAIM FOR RELIEF

1.     That CONVERZE INTERACTIVE, CONVERZE MEDIA, LIDO and PICOU, HERNANDEZ and PARKERSON be adjudged to have infringed LEXXIOM's registered copyrights for Campayne Manager Software.

2.     That CONVERZE INTERACTIVE, CONVERZE MEDIA, LIDO and PICOU, HERNANDEZ and PARKERSON, and their agents, servants, employees, successors and assigns and all others in concert and privity with them, be preliminarily and permanently enjoined from unauthorized copying and use of LEXXIOM's copyrighted software, pursuant to 17 U.S.C. § 502.

3.     That LEXXIOM be awarded its lost profits and actual damages as against CONVERZE INTERACTIVE, CONVERZE MEDIA, LIDO and PICOU, HERNANDEZ and PARKERSON, jointly and severally, in an amount of at least $1,300,000 plus LIDO's and PICOU, HERNANDEZ and PARKERSON's profits, according to proof at trial, or statutory damages and enhanced damages for willful infringement pursuant to LEXXIOM's election under 17 U.S.C. § 504, as well as LEXXIOM's costs of suit and reasonable attorney's fees, pursuant to 17 U.S.C. § 505.

4.     That LIDO and PICOU, HERNANDEZ and PARKERSON be ordered to provide an accounting of their profits.

5.     That LIDO and PICOU, HERNANDEZ and PARKERSON, and their agents, servants, employees, successors and assigns and all others in concert and privity with them ordered to destroy all copies of the Campayne Manager Software found to have been made or used in violation of LEXXIOM's exclusive rights, pursuant to 17 U.S.C. § 503, and all works including all derivative works made therefrom.

-16-

1

2

ON THE SECOND CLAIM FOR RELIEF

3      1.      That PICOU, HERNANDEZ and PARKERSON be adjudged to have

4  unlawfully converted LEXXIOM's rights in Campayne Manager Software and

5  LEXXIOM's trade secrets and thereby they have become unjustly enriched.

6      2.      That LEXXIOM be awarded disgorgement of the unjust enrichment

7  obtained by all the defendants and attorney's fees according to proof at trial but not

8  less than the amount of financial gain derived by PICOU, HERNANDEZ and

9  PARKERSON, as well as the assignment of all rights in and to any and all

10  derivative works of the Campayne Manager Software, and preliminary and a

11  permanent injunction against any and all future use of the Campayne Manager

12  Software.

13

ON THE THIRD CLAIM FOR RELIEF

14      1.      That CONVERZE INTERACTIVE, CONVERZE MEDIA, by and

15  through its agents and employees PICOU, HERNANDEZ and PARKERSON be

16  adjudged to have interfered with the Contractual Agreements as between

17  LEXXIOM/Identifyle and their customers.

18      2.      That LEXXIOM be awarded damages according to proof at trial but in

19  an amount of at least $1,300,000 plus interest, costs and attorneys' fees.

20

ON THE FOURTH CLAIM FOR RELIEF

21      1.      That LEXXIOM be awarded its lost profits and actual damages as

22  against CONVERZE INTERATIVE, CONVERZE MEDIA, LIDO and PICOU,

23  HERNANDEZ, PARKERSON, as well as DOES 1-5 jointly and severally, in an

24  amount of at least $1,300,000 plus CONVERZE INTERATIVE's, CONVERZE

25  MEDIA's and LIDO's profits, according to proof at trial.

26      2.      That LEXXIOM be awarded treble its actual damages as determined at

27  trial as well as attorneys' fees as against CONVERZE INTERACTIVE,

28  CONVERZE MEDIA and LIDO.

-17-

1

<u>ON ALL CLAIMS FOR RELIEF</u>

2       1.     That LEXXIOM be awarded interest on all amounts.

3       2.     That LEXXIOM be awarded costs of suit.

4       3.     That LEXXIOM be awarded reasonable attorneys' fees.

5       4.     That LEXXIOM be granted such other and further relief as the Court

6 may deem just and proper.

7

8 Dated:  December 8, 2016      Respectfully submitted,

9

10                By: /s/Gregg Zucker, /s/David B. Abel
                   Gregg Zucker

11                    David B. Abel
                   Attorneys for Plaintiff

12                    Lexxiom, Inc.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-18-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **JURY TRIAL DEMAND**

       Lexxiom, Inc. hereby demands a jury trial on its Complaint.

Dated:  December 8, 2016

                                            By:/s/Gregg Zucker
                                              Gregg Zucker
                                              David Abel
                                            Attorneys for Plaintiff
                                              Lexxiom, Inc.

-19-